UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

UNITED STATES OF AMERICA

v.

RICKY VONG,

Defendant.

Case No. 5:01-cr-20154-EJD-3

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Re: Dkt. No. 1781

Upon motion of [x] the defendant [ ] the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of        is reduced

to        . If this sentence is less than the amount of time the defendant already

served, the sentence is reduced to a time served; or

[ ] Time served.

If the defendant's sentence is reduced to time served:

[ ]    This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release.  The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[  ]   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[  ]  The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[  ]  Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [  ]  probation or [  ] supervised release of         months (not to exceed the unserved portion of the original term of imprisonment).

[  ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[  ]  The conditions of the "special term" of supervision are as follows:

[  ]  The defendant's previously imposed conditions of supervised release are unchanged.

[  ]  The defendant's previously imposed conditions of supervised release are modified
as follows:

**B.** **[  ]**  **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the
United States Attorney to file a response on or before _____, along with all Bureau of
Prisons records (medical, institutional, administrative) relevant to this motion.

**C.** **[x]**  **DENIED** after complete review of the motion on the merits.

**D.** **[  ]**  **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

    **1. Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by
the United States Sentencing Commission in U.S.S.G. § 1B1.13**

    **2. Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

[  ] The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
    [  ] Mens Rea [  ] Extreme Conduct      [  ] Dismissed/Uncharged Conduct
    [  ] Role in the Offense      [  ] Victim Impact
    [  ] ***Specific considerations:***

[  ] The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
    [  ] Aberrant Behavior      [  ] Lack of Youthful Guidance
    [  ] Age      [  ] Mental and Emotional Condition
    [  ] Charitable Service/Good Works      [  ] Military Service
    [  ] Community Ties      [  ] Non-Violent Offender
    [  ] Diminished Capacity      [  ] Physical Condition
    [  ] Drug or Alcohol Dependence      [  ] Pre-sentence Rehabilitation
    [  ] Employment Record      [  ] Remorse/Lack of Remorse
    [  ] Family Ties and Responsibilities      [  ] Other: *(Specify)*

[ ]   Issues with Criminal History: *(Specify)*

[ ] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*

[ ] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

[ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*

[ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*

[ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*

[ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

[ ] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*

[ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

[x] *Specific considerations*:

Defendant Ricky Vong (age 46) has not met his burden of showing that his medical conditions, including but not limited to prediabetes and thalassemia, qualify as an "extraordinary and compelling" reason in support of his release.  Mr. Vong previously tested positive for COVID-19 on December 28, 2020.  Dkt. No. 1781 at 14.  However, Mr. Vong appears to have recovered, and the Court understands that he is now vaccinated.  *See generally* Dkt. No. 1781.  Mr. Vong is currently housed in a BOP facility where no inmates or staff are currently listed as testing positive for COVID-19.  Although there is still an unknown degree of risk to Mr. Vong posed by potential reinfection by variants, this speculative possibility does not provide the basis upon which the Court could conclude that his ability to "provide self-care" while in prison is "substantially diminishe[d]."  *See* U.S.S.G § 1B1.13, cmt. n.1 (A)(ii); *see also United States v. Khachtryan*, No. 15-cr-00234-CRB-16, 2021 WL 1110269, at *5 (N.D. Cal. Mar. 23, 2021) (noting that the CDC has stated that vaccinations still provide protection against COVID variants).  For these reasons, Mr. Vong's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**3.  Whether Defendant Is a Danger to the Safety of Another or to the Community, 18 U.S.C. § 3142(g)**

[ ]  the nature and circumstances of the offense (18 U.S.C. § 3142(g)(1))
[ ]  the weight of the evidence against the person (18 U.S.C. § 3142(g)(2))
[ ]  the history and characteristics of the person (18 U.S.C. § 3142(g)(3))
[ ]  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (18 U.S.C. § 3142(g)(4))
[ ] *Specific considerations:*

E.  [  ]  **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed

since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: June 16, 2021

_____

Edward J. Davila

UNITED STATES DISTRICT JUDGE